# Exhibit A

| | |
|---|---|
| From: | Mara Baltabols <mara@fishlawfirm.com> |
| Sent: | Wednesday, August 25, 2021 5:03 PM |
| To: | Zeitlin, Andrew |
| Cc: | David Fish |
| Subject: | Accu-Time (ATS) Biometric Class Complaint |
| Attachments: | 0001 - Complaint.pdf; 0002 - Accu Sum (1).pdf |

*EXTERNAL EMAIL*

Andy,

Please advise if you are able to accept service of the complaint on behalf of ATS. If so, we will send you the waiver of service.

Thank you,

Mara

Mara A. Baltabols, Esq.
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590 Phone

(630) 778-5002 Direct
(630) 778-0400 Facsimile
mara@fishlawfirm.com
****************************************************************************************
****************************************************
**CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy**
****************************************************************************************
****************************************************

1

FILED
8/19/2021 4:03 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04156

14507085

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

_____
                                Plaintiff(s)
        v.                                          Case No.  **2021CH04156**
_____
                                Defendant(s)

_____
Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 3

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:** Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 44086
○ Pro Se 99500

Name: The Fish Law Firm, P.C.
Atty. for (if applicable): Plaintiff
Address: 200 E. 5th Avenue, Suite 123
City: Naperville
State: IL    Zip: 60563
Telephone: 630-355-7590
Primary Email: docketing@fishlawfirm.com

Witness date: 8/19/2021 4:03 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____
☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

FILED DATE: 8/19/2021 4:03 PM   2021CH04156

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

FILED
8/19/2021 4:03 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04156

14507085

FILED DATE: 8/19/2021 4:03 PM    2021CH04156

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

EDNA FRANCHINI and VALERIE SEALS, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

ACCU-TIME SYSTEMS, INC.,

*Defendant.*

Case No.: ***2021CH04156***

## CLASS ACTION COMPLAINT

Plaintiffs Edna Franchini and Valerie Seals (collectively, "Plaintiffs") bring this Class Action Complaint against Defendant Accu-Time Systems, Inc. ("ATS" or "Defendant") to put a stop to its unlawful collection, use, disclosure, dissemination, and storage of Plaintiffs' and the putative Class members' sensitive biometric data. Plaintiffs, for Plaintiffs' Class Action Complaint, allege as follows upon personal knowledge as to Plaintiffs' own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1. ATS is a manufacturer of time and attendance terminals and data collection and storage equipment, systems, and software.

2. ATS designs and provides human resources management software and fully-integrated time and attendance products, systems, and services to businesses.

3. ATS's products require users to scan their biometric identifiers, namely their fingerprints or hand geometry, as an authorization method to track their time worked.

FILED DATE: 8/19/2021 4:03 PM  2021CH04156

4.      Once a user has registered and scanned their fingerprint or hand geometry on an ATS biometric reader, that information is enrolled and retained in ATS's database(s) and cloud-based system(s).

5.      When individuals scan their fingerprint and/or handprint (collectively, "fingerprint") in an ATS biometric time tracking system as a means of authentication, their biometric information and biometric data is transmitted to an ATS database.

6.      Thereafter, the data is broadcast through ATS's software and web-based data collection and storage system.

7.      While there are tremendous benefits to using biometric systems, there are also serious risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, individuals have no means by which to prevent identity theft and unauthorized tracking.

8.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as handprints.

9.      Despite this law, ATS disregarded individuals' statutorily protected privacy rights and unlawfully collect, store, and use their biometric data in violation of the BIPA. Specifically, ATS have violated (and continue to violate) the BIPA because it did not:

- Before collection, properly inform Plaintiffs and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

- Before collection provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the Class's fingerprints, as required by the BIPA; nor

- Before first collecting receive a written release from Plaintiffs or the members of the Class to collect, capture, or otherwise obtain handprints, as required by the BIPA.

2

- Before disclosure and dissemination, obtain consent from Plaintiffs and Class members.

10. Accordingly, this Complaint seeks an order: (i) declaring that ATS's conduct violates the BIPA; (ii) requiring ATS to cease the unlawful activities discussed herein; and (iii) awarding liquidated damages to Plaintiffs and the proposed Class.

## PARTIES

11. Plaintiffs are natural persons and citizens of the State of Illinois.

12. Defendant ATS is a Pennsylvania corporation, that conducts business in Illinois and has a registered agent in Illinois.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over ATS because ATS conducted business and scanned Plaintiffs' fingerprint and collected and stored Plaintiffs' fingerprint data in Illinois.

14. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and have committed tortious acts in Illinois.

15. Venue is proper in Cook County because Defendant operates throughout this County and "resides" in Cook County within the meaning of 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

**I. The Biometric Information Privacy Act.**

16. In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

17. In late 2007, a biometrics company called Pay By Touch—which provided major

3

retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

18. Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

19. The BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

4

20. BIPA specifically applies to employees and individuals who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

21. Biometric identifiers include retina and iris scans, voiceprints, scans of fingerprints and face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id*.

22. The BIPA establishes standards for how private entities must handle an individual's biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For instance, the BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

23. Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, the BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

5

FILED DATE: 8/19/2021 4:03 PM 2021CH04156

## II.  ATS Violates the Biometric Information Privacy Act.

24.  By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using employees' biometric data as an authentication method stopped doing so.

25.  However, ATS failed to take note of the shift in Illinois law governing the collection and use of biometric data despite that it had been in effect for over a decade. As a result, ATS continued to collect, store, use, and disseminate Illinois employees' biometric data in reckless and/or willful violation of BIPA.

26.  Specifically, when individuals use ATS's biometric systems, they are required to have their fingerprints captured and stored to enroll them in ATS's equipment, systems, and database(s).

27.  ATS uses and supplies employee time tracking system that requires its clients' employees to use their fingerprint as a means of authentication. Unlike a traditional timeclock, employees must use their fingerprints to "punch" in and out of work on an ATS biometric system.

28.  Upon information and belief, ATS fails to inform its employees that it discloses their fingerprint data to at least one out-of-state third-party vendor, ATS; fails to inform individuals who use its biometric systems that it discloses their fingerprint data to other, currently unknown third parties, which host the biometric data in their data centers; fails to inform individuals of the purposes and duration for which it collects their sensitive biometric data; and fails to obtain written releases from individuals before collecting their fingerprints.

29.  Upon information and belief, ATS fails to inform individuals that it discloses their fingerprint data to other, currently unknown third parties, which host the biometric data in their data centers; fails to inform individuals of the purposes and duration for which it collects their

sensitive biometric data; and fails to obtain written releases from individuals before collecting their fingerprints.

30. Furthermore, ATS failed to provide individuals with a written, publicly available policy identifying their retention schedule and guidelines for permanently destroying fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA.

31. In addition, ATS profits from the use of individuals' biometric data collected at ATS facilities. ATS contracts with third-party vendors and partners that benefit from the time management services, software, and equipment that ATS provides. In turn, ATS receives a profit from the business arrangement(s).

32. The Pay by Touch bankruptcy, which triggered the passage of BIPA, highlights why such conduct – where individuals are aware that they are providing a fingerprint but are not aware to whom or for what purposes they are doing so – is dangerous. This bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted, for what purposes it will be transmitted, and for how long. ATS disregard these obligations and certain statutory rights and instead unlawfully collect, store, use, and disseminate biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

33. Upon information and belief, ATS lacked and failed to follow publicly-available retention schedules and guidelines for permanently destroying Plaintiffs' and other similarly-situated individuals' biometric data and have not and will not destroy Plaintiffs' and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining

7

such data has been satisfied or within three years of the employee's last interaction with each company.

34. Since ATS did not publicly provide or publish BIPA-mandated data retention policies nor disclose the purposes for their collection of biometric data, individuals have no idea whether ATS sells, discloses, re-discloses, or otherwise disseminates their biometric data. Moreover, Plaintiffs and others similarly situated are not told to whom any ATS currently discloses their biometric data to, or what might happen to their biometric data in the event of a merger or a bankruptcy.

35. These violations have raised a material risk that Plaintiffs' and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

36. By and through the actions detailed above, ATS disregarded Plaintiffs' and other similarly-situated individuals' legal rights in violation of BIPA.

## FACTS SPECIFIC TO PLAINTIFF

37. Plaintiffs performed duties for one of ATS's clients in Illinois.

38. The ATS equipment required Plaintiffs to scan their fingerprint into an ATS biometric system so that the data could be uses it as an authentication method to track time. ATS subsequently stored Plaintiffs' fingerprint data in its databases and transmitted the data using ATS's software.

39. ATS failed to first inform Plaintiffs of the specific limited purposes or length of time for which it collected, stored, or used fingerprints.

40. Similarly, ATS failed to inform Plaintiffs of any biometric data retention policy it developed, nor whether it will ever permanently delete fingerprints.

41. Prior to providing biometric data, Plaintiffs did not sign a written release allowing

8

ATS to collect or store fingerprints.

42. Plaintiffs were never informed nor consented to ATS's disclosure of their fingerprint data between ATS's hardware and databases, or through any third-party software.

43. Plaintiffs have continuously and repeatedly been exposed to the risks and harmful conditions created by ATS's violations of the BIPA alleged herein.

44. Plaintiffs now seek liquidated damages under BIPA as compensation for the injuries ATS have caused.

## CLASS ALLEGATIONS

45. **Class Definition**: Plaintiffs brings this action on behalf of Plaintiffs and a Class of similarly situated individuals, defined as follows:

> All persons who had their fingerprints or handprints collected, captured, received, otherwise obtained, or disclosed by ATS while in Illinois.

The following people are excluded from the Class: (1) any Judge presiding over this action and members of their families; (2) Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

46. **Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but it is clear that individual joinder is impracticable. ATS has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of individuals who fall into the definition of the Class. Ultimately, the Class members will be easily identified through ATS's records.

9

FILED DATE: 8/19/2021 4:03 PM 2021CH04156

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) whether Defendant collected, captured, or otherwise obtained Plaintiffs' and the Class' biometric identifiers or biometric information;

   b) whether Defendant properly informed Plaintiffs and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

   c) whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs and the Class' biometric identifiers or biometric information;

   d) whether Defendant has sold, leased, traded, or otherwise profited from Plaintiffs and the Class's biometric identifiers or biometric information;

   e) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

   f) whether Defendant complies with any such written policy (if one exists); and

   g) whether Defendant used Plaintiffs and the Class' fingerprints to identify them.

48. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

49. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by ATS's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from ATS's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in their Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

50. Plaintiffs and counsel will fairly and adequately protect the interests of the Class.

51. Plaintiffs retained counsel experienced in complex class action litigation.

**CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
(**On Behalf of Plaintiffs and the Class**)

52. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

53. The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or

11

stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

54. The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and—importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.,* when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

55. Unfortunately, ATS failed to comply with these BIPA mandates.

56. ATS qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

57. Plaintiffs and the Class are individuals who had their "biometric identifiers" collected by ATS.

58. Plaintiffs and the Class' biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

59. ATS violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiffs and the Class before it collected, used, and stored their biometric identifiers and biometric information.

60. ATS violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiffs and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

61. ATS violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiffs and the Class in

12

writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used.

62. ATS violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its biometric identifiers and biometric information.

63. ATS systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiffs' biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

64. ATS also otherwise profited from biometric data collected at ATS's facilities in violation of 740 ILCS 14/15(c).

65. By collecting, storing, and using Plaintiffs' and the Class' biometric identifiers and biometric information as described herein, ATS violated Plaintiffs' and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq*.

66. By disclosing, redisclosing, or otherwise disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

67. Ultimately, ATS disregards individuals' statutorily protected privacy rights by violating the BIPA and did so knowingly or recklessly because the law has been in effect for over a decade and ATS exchange internal correspondence about biometric privacy law without taking additional steps to comply.

68. On behalf of themselves and the Class, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the Class by requiring Defendant's

13

to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages for each of ATS's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representative of the Class, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate the BIPA;

C. Awarding statutory damages for each of Defendant's violations of the BIPA, pursuant to 740 ILCS 14/20;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring ATS to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

F. Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

H. Awarding such other and further relief as equity and justice may require.

Dated: August 19, 2021        Respectfully submitted,

**Edna Franchini and Valerie Seals, individually and on behalf of all others similarly situated,**

By: /s/ David Fish
      One of Plaintiffs' Attorneys

14

FILED DATE: 8/19/2021 4:03 PM 2021CH04156

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
THE FISH LAW FIRM, P.C. (#44086)
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
docketing@fishlawfirm.com