**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDNA FRANCHINI and VALERIE SEALS, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | 21-cv-05075 |
| v. | Hon. Steven C. Seeger |
| ACCU-TIME SYSTEMS, INC. | |
| *Defendant.* | |

**PLAINTIFFS' MOTION FOR LEAVE TO
CONDUCT EXPEDITED JURISDICTIONAL DISCOVERY**

1. This case is a putative class action filed pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq., which was removed to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1)(B), and § 1453 ("CAFA").

2. On November 1, 2021, Defendant filed a Motion to Dismiss or, In the Alternative, Motion to Stay the Proceedings, Under Rules 12(b)(2) and 12(b)(6) ("Motion"). *See* ECF 15-16.

3. In the Motion, Defendant argued the case should be dismissed for lack of personal jurisdiction because it has insufficient contacts with Illinois. *Id.* Defendant also argued this case should be stayed in the alternative pending certain appeals. *Id.*

4. As the issue of jurisdiction should be decided for this matter to proceed, Plaintiffs request leave to conduct expedited jurisdictional discovery. *See Norberg v. Shutterfly, Inc.,* 152 F. Supp. 3d 1103, 1104 (N.D. Ill. 2015) ("The Court will address the personal jurisdiction argument first," or it is without jurisdiction to rule on other motions).

5. In determining whether there is personal jurisdiction the Court must consider:

"'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff s interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.'" *Tamburo v. Dworkin*, 601 F.3d 693, 709 (7th Cir.2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

6. Defendant provides that it is incorporated in Pennsylvania with a principal place of business in Connecticut. ECF 16-1, Ex. B, ¶¶ 2-3.

7. Defendant markets its devices and software services to customers around the world, but claims it has no connection to the end users of its products, but customers have complete control over the use of its products. *Id.* ¶¶ 5-7.

8. Defendant provides that it is registered to do business in Illinois, but does not have employees, offices, or physical property in Illinois. *Id.* ¶¶ 8-17.

9. Defendant provides these assertions in affidavit without much material or factual support. *See generally,* ECF 16-1, Ex. B.

10. In another BIPA case, *Norberg v. Shutterfly, Inc.,* the Court found that it had personal jurisdiction over defendants, in part, because although they sold their merchandise in all 50 states, defendants offered their service to Illinois citizens and shipped items to Illinois. 152 F.Supp.3d at 1105. Moreover, the plaintiff as an Illinois resident had a strong interest in adjudicating the matter locally. *Id.*

11. In the BIPA case, *King v. PeopleNet Corp.*, 21 CV 2774 (N.D. Ill. Oct. 28, 2021), a Rule 12(b)(2) Motion was denied and defendant was required to defend the action in Illinois. *Id.* p. 11 (Exhibit A). The defendant PeopleNet provided products and services to King's employer, an Illinois-based company. As a result of that commerce, plaintiff scanned

2

her biometric information in Illinois, which was transmitted to defendant's servers. *Id.*

12. Therefore, simply because Defendant does not have physical locations or employees stationed in Illinois may not be enough were it markets to Illinois-based employers. More information is required.

13. Plaintiffs need not accept the self-serving and uncorroborated assurances of Defendant in the Motion and affidavit in support. The court may in its discretion allow jurisdictional discovery. *See Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.,* No. 19 C 7675, 2021 WL 2433653, at *5 (N.D. Ill. June 15, 2021) ("The record here is not clear and unambiguous as to the absence of personal jurisdiction.").

14. Prior to responding to Defendant's Motion, Plaintiffs request leave to serve written discovery requests upon Defendant solely regarding matters related to personal jurisdiction. Plaintiffs also request leave to serve a Rule 30(b)(6) deposition notice covering only topics necessary to determine personal jurisdiction.

15. Plaintiffs request a corresponding extension of time to respond to Defendant's Motion.

16. Counsel for Plaintiffs conferred with Counsel for Defendant in advance of filing this motion, and Counsel for Defendant indicated that the request for jurisdictional discovery was opposed.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs leave to conduct expedited jurisdictional discovery, an extension of time to respond to Defendant's Motion (ECF 15-16) and grant such other relief as the Court deems just and proper.

Dated: November 11, 2021                    Respectfully submitted,

                                                                    By: /s/ Mara Baltabols
                                                                             One of Plaintiffs' Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
FISH POTTER BOLAÑOS, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 312.861.1800
Fax: 630.778.0400
docketing@fishlawfirm.com

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

/s/Mara Baltabols