UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Edna Franchini, et al.
                              Plaintiff,

v.                                               Case No.: 1:21−cv−05075
                                                           Honorable Steven C. Seeger

Accu−Time Systems, Inc.
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, June 7, 2022:

      MINUTE entry before the Honorable Steven C. Seeger: Defendant's motion to dismiss or to stay (Dckt. No. [15]) is hereby granted in part. Plaintiffs brought this putative class action under the Illinois BIPA statute. The Court has questions about whether this case satisfies the amount−in−controversy requirement (an issue not raised by the parties), above and beyond the issues raised in the motion to dismiss. At least two pending cases potentially could impact that determination in a meaningful way. First, the Seventh Circuit recently certified a question to the Illinois Supreme Court about claim accrual. Specifically, the Seventh Circuit asked whether "section 15(b) and 15(d) claims accrue each time a private entity scans a person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission." Cothron v. White Castle Sys., Inc., 20 F.4th 1156, 1167 (7th Cir. 2021). Second, the Illinois Supreme Court is poised to decide whether BIPA claims are subject to a one−, two−, or five−year limitations period. See Tims v. Black Horse Carriers, Inc., 2021 IL App (1st) 200563, 451 Ill. Dec. 879, 184 N.E.3d 466, 473 (2021), cert. granted, 452 Ill. Dec. 48, 184 N.E.3d 1029 (2022). Each of those cases could impact the amount of recoverable damages, and thus impact the amount in controversy. So, before wading in, it makes sense for this Court to sit tight and see how the Illinois Supreme Court rules. The case is hereby stayed. The motion to dismiss (Dckt. No. [15]) is otherwise denied without prejudice. Defendant can refile the motion to dismiss as appropriate after the Illinois Supreme Court issues its rulings. The parties must update the Court as appropriate. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.