# Exhibit C

**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EDNA FRANCHINI and VALERIE SEALS,
*individually and on behalf of all others similarly
situated,*

                  Plaintiffs,

      v.

ACCU-TIME SYSTEMS, INC.,

                  Defendant.

Case No. 1:21-cv-05075

Hon. Steven C. Seeger

## REPLY DECLARATION OF LISA GLADYSZ

I, Lisa Gladysz, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am over 21 years of age and fully competent to testify. This reply declaration is based upon my personal knowledge and/or my review of records maintained by Accu-Time Systems, Inc. ("ATS") in the ordinary course of business. If called upon to do so, I could and would testify competently consistent with the testimony herein.

2.    ATS appears to have a lot in common with a defendant in another BIPA lawsuit, *Bray v. Lathem Time Co.*, described in the Reply. Similar to my understanding of the defendant's situation in that case:

      a.    ATS has no offices or facilities in Illinois, nor does ATS have employees, real estate, accounts, other personal property or physical presence in Illinois.

      b.    ATS's relationships are solely with employers, who are our customers. ATS does not interact with our customers' employees, such as the plaintiffs here.

      c.    ATS does not specifically target Illinois customers. We do not advertise in Illinois, nor do we send sales or other representatives to Illinois. ATS does not maintain

sales or marketing programs for Illinois customers, or geographically restrict the sales of our products or services.

d.  ATS does not itself create contact with Illinois.  Such contact is the result of our customers' decisions to use our products in the State of Illinois, and their decision to use the biometric features that are available on certain of our products.

3.      Indeed, we did not even sell to the plaintiffs' employer (Ecolab) in Illinois.  ATS's contact and agreement with Ecolab was in Minnesota, which is where Ecolab is headquartered, for the provision of goods and services throughout North America.

4.      Plaintiffs' Response to ATS's motion to dismiss repeatedly describes ATS's supposed contacts with "approximately 16 Illinois-based employers" who use the biometric features of ATS's time clocks.  In fact, ATS does not have 16 Illinois-based biometric customers. We currently have *no* customers using biometrics who are based in Illinois.  Our Illinois-related biometric customers have one or more locations in Illinois, but are not, in fact, based (*i.e.*, with their principal place of business or headquarters) in Illinois.  Like the plaintiffs' employer, Ecolab, our biometric customers have their principal places of business in locations *outside* the State of Illinois.

5.      The majority of our customers, whether or not they have a location in Illinois, come to ATS as a result of third-party referrals.  I am not aware of ATS securing any customer with an Illinois location as a result of any specific outreach by ATS to a person located in Illinois.

6.      ATS's services to our biometric customers -- whether located in Illinois or anywhere else -- are largely provided remotely, through a cloud-based solution from servers that are located in Virginia.  Our customers, regardless of their location, subscribe to a service agreement that has absolutely no relationship to Illinois.

7. Plaintiffs' Response notes that ATS previously was sued in Illinois. That prior lawsuit, *Shelby-Williams v. Amano USA Holding, Inc. et al.*, Case No. 2019-CH-14363 (Cook County, Ill. 2020), pertained to the purported use and collection of biometric data by a third-party, *not* ATS. ATS was erroneously named as a defendant in that litigation and, on realizing this, the plaintiffs voluntarily withdrew their complaint against ATS, with no payment from ATS. The lawsuit ended before ATS was even required to respond to the Complaint. A copy of the dismissal order is attached as Exhibit 1.

8. ATS's records do not reflect any use of ATS biometric time clocks by either of the named plaintiffs in this action, without their consent, within one year of the August 2021 filing of the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2022.

Lisa Gladysz
President and CEO
Accu-Time Systems, Inc.

-3-

10905332