# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDNA FRANCHINI and VALERIE SEALS, individually and on behalf of all others similarly situated, <br><br>         Plaintiffs, <br><br>   v. <br><br> ACCU-TIME SYSTEMS, INC., <br><br>         Defendant. | Case No.: 1:21-cv-05075 <br><br> Honorable Steven C. Seeger |

## STIPULATION OF CLASS ACTION SETTLEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into by and among Plaintiffs Edna Franchini and Valerie Seals, individually and on behalf of all others similarly situated (collectively referred to as "Plaintiffs") for themselves individually and on behalf of the Settlement Class, and Defendant Accu-Time Systems, Inc. Plaintiffs and Defendant are referred to individually as "Party" and collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the following terms and conditions, and subject to the approval of the Court.

## RECITALS

A. On August 19, 2021, Plaintiffs filed their Class Action Complaint (the "Complaint") in the Circuit Court of Cook County asserting numerous violations of the Biometric Information Privacy Act (740 ILCS 14/1 et seq.) ("BIPA") and naming Accu-Time Systems, Inc. as a defendant.

B. On September 24, 2021, Accu-Time Systems, Inc. timely removed the Action to this Court.

C.  After several years of litigation, the Parties attended a mediation before the Honorable Judge Morton Denlow, leading to the Settlement described herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

### 1. DEFINITIONS

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1    "**Action**" means the case captioned *Franchini, et al. v. Accu-Time Systems, Inc.*, Case No.: 1:21-cv-05075 (N.D. Ill.)

1.2    "**Agreement**" or "**Settlement Agreement**" means this Stipulation of Class Action Settlement and the attached Exhibits.

1.3    "**Approved Claim**" means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is fully completed and physically or electronically signed by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.4    "**Claims Deadline**" means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely, and shall be set as a date no later

than one-hundred twenty (120) days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice and the Claim Form.

      1.5    **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, which shall be completed by Settlement Class Members who wish to file a claim for a Settlement Payment, shall be available in paper and electronic format. The Claim Form will require claiming Settlement Class Members to provide the following information: (i) full name, (ii) current U.S. Mail address, and (iii) current contact telephone number and/or email address. The online Claim Form will provide Class Members with the option of having their Settlement Payment transmitted to them via check or electronically. Class Members who submit a paper Claim Form that is approved will be sent a check via U.S. Mail.

      1.6    **"Class Counsel"** means attorneys David Fish and Mara Baltabols of Workplace Law Partners, P.C.

      1.7    **"Class Period"** means August 29, 2016 through the date of preliminary approval.

      1.8    **"Class Representatives"** or **"Plaintiffs"** means the named Plaintiffs in the Action, Edna Franchini and Valerie Seals.

      1.9    **"Court"** means the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Judge Seeger presiding, or any judge who shall succeed him as the Judge assigned to the Action.

      1.10    **"Defendant"** means Accu-Time Systems, Inc.

1.11    "**Defendant's Counsel**" means attorneys Sonya Rosenberg, Alexis M. Dominguez, and Alissa J. Griffin of Neal, Gerber & Eisenberg LLP and Andrew Zeitlin of Shipman & Goodwin LLP.

1.12    "**Effective Date**" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or service award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand; and (iii) the date of final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

1.13    "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

1.14    "**Fee Award**" means the amount of attorneys' fees and reimbursement of costs awarded to Class Counsel by the Court to be paid out of the Gross Fund.

1.15 **"Final Approval Hearing"** means the hearing before the Court where Plaintiffs will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, and adequate per Rule 23, and approving the Fee Award and the service award to the Class Representatives.

1.16 **"Final Approval Order"** means the final approval order to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice.

1.17 **"Notice"** means the notice of the proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of the Due Process Clause of the United States Constitution and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits A and/or B attached hereto.

1.18 **"Notice Date"** means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of the Preliminary Approval Order.

1.19 **"Objection/Exclusion Deadline"** means the date by which a written objection to the Settlement Agreement by a Class Member must be filed with the Court or a request for exclusion submitted by a person within the Settlement Class must be postmarked or received by the Settlement Administrator, which shall be designated as a date forty-five (45) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

1.20    "**Preliminary Approval Order**" means the Court's order preliminarily approving the Agreement per Federal Rule of Civil Procedure 23, certifying the Settlement Class for settlement purposes only, and approving the form and manner of the Notice.

1.21    "**Released Claims**" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, suits, actions, liabilities, controversies, demands, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, or obligations, whether in law or equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on The Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") or other federal, state, local statutory, or common law or any other law, against the "Released Parties" herein, or any of them, arising out of or related to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, capture, storage, use, profit from, possession, transmission, dissemination and/or disclosure of Class Members' biometric identifiers and biometric information under BIPA, including all claims that were brought or could have been brought in the Lawsuit by Plaintiffs and/or any Class Member.

1.22    "**Released Parties**" means Defendant and its current and former, direct or indirect, owners, parents, subsidiaries, divisions, holding companies, suppliers, and contractors, including each such entity's predecessors, successors and assigns, and their respective principals, members, trustees, administrators, executors, officers, directors, shareholders, limited partners, attorneys, accountants, financial and other advisors, consultants, agents, representatives, partnerships, divisions, insurers, and reinsurers. Excluded from this Release are claims against Defendant's Customers and resellers, including Paycom.

1.23    **"Releasing Parties"** means Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents.

1.24    **"Settlement"** means the final resolution of the Action as embodied by the terms and conditions of this Agreement.

1.25    **"Settlement Administration Expenses"** means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, creating and maintaining the Settlement Website, receiving and processing Claim Forms, disbursing Settlement Payments, and other such related expenses, with all such expenses to be paid from the Gross Fund.

1.26    **"Settlement Administrator"** means Analytics Consulting LLC, subject to approval of the Court, or such other person or entity who will provide the Notice, create and maintain the Settlement Website, receive and process Claim Forms, send Settlement Payments to Settlement Class Members, be solely responsible for any necessary tax reporting and related actions, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

1.27    **"Settlement Class"** means all individuals who used the alleged biometric collection technology described in the Complaint filed in this Action at one of the following businesses (hereinafter "Defendant's Customers") in Illinois during the Class Period:

| |
|---|
| Aclara |
| Ansira Partners |
| Ardent Mills |
| Benchmark |

| |
|---|
| Bob's Discount Furniture |
| Ecolab |
| Enova |
| Fellowes |
| Ferguson |
| Fresh Express |
| H&E Equipment (OneSource) |
| Hello Fresh |
| Ilitch (LCS/Blue Line/Little Caesars) |
| Montage |
| Patagonia |
| Ring Container |
| Scotts Miracle Grow |
| Societe General |
| TD Synnex |
| Van Pool |
| Victaulic |
| Waste Connections |
| World Fuel Services |
| XPEL |

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) employees of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or their parents

8

have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons and entities. The Parties reasonably estimate that there are approximately 12,000 individuals in the Settlement Class.

1.28    "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

1.29    **"Gross Fund"** means the non-reversionary cash fund that shall be established by Defendant in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) to be deposited into the Escrow Account, which includes all potential monies in connection with the Settlement, including, without limitation, all incentive awards, attorneys' fees, costs and expenses, interest, statutory and liquidated damages, penalties, and all costs of administration and notice. Defendant shall fully fund the Escrow Account within the later of (a) thirty (30) days after the entry of the Final Approval Order, or (b) thirty (30) days after the Settlement Administrator provides adequate payment instructions and a W-9. The Gross Fund shall satisfy all monetary obligations of Defendant under this Settlement Agreement, including the Settlement Payments, Settlement Administration Expenses, Fee Award, litigation costs, service awards, taxes, and any other payments or other monetary obligations contemplated by this Agreement or the Settlement.

1.30    The Gross Fund shall be kept in the Escrow Account with permission granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party except in the event of termination, as described below in Section 7.1. The Escrow Account and the Gross Funds are to be provided to

the Settlement Administrator and maintained by an escrow agent as a Court approved Qualified Settlement Fund pursuant to Section 1.468B-1 et. seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

1.31     **"Net Fund"** is the Gross Fund minus: Class Counsel's attorney's fees, litigation costs, settlement administration costs, service awards to the Class Representatives and any other costs associated with the Settlement. Settlement Payments will be made from the Net Fund on a pro rata basis for each Settlement Class Member that timely returns a valid Claim Form ("Class Participants").

1.32     "**Settlement Payment**" means a *pro rata* portion of the Net Fund, taking into account the number of Approved Claims submitted.

1.33     "**Settlement Website**" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant settlement administration documents, including the Notice, relevant court filings, and the ability to submit Claim Forms online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be www.accubipasettlement.com, or such URL as the Parties may subsequently agree to.

## 2   SETTLEMENT RELIEF

### 2.1   Settlement Payments to Class Members

a.     Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member who submits an Approved Claim shall be entitled to a Settlement Payment.

b.     Within fourteen (14) days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class

Members and shall determine which claims are valid and initially approved and which claims are initially rejected.

c.       Within fourteen (14) days of the Claims Deadline, the Settlement Administrator will submit to Class Counsel and Defendant's Counsel a report listing all initially approved and initially rejected Claims.

d.       Class Counsel and Defendant's Counsel shall have fourteen (14) days after the date they receive the report listing the initially approved and initially rejected claims to audit and challenge any initially approved or initially rejected claims. Class Counsel and Defendant's Counsel shall meet and confer in an effort to resolve any disputes or disagreements over any initially approved or rejected claims. The Settlement Administrator shall have the authority for determining if Settlement Class Members' Claim Forms are complete, timely, and accepted as an Approved Claim.

e.       Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send Settlement Payments from the Net Fund by electronic deposit or by check via First Class U.S. Mail to the address provided on the Approved Claim Form, as elected by the Class Member with an Approved Claim.

f.       Each payment issued to a Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred twenty (120) calendar days after the date of issuance.

g.　　In the event that an electronic deposit to a Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar days to correct the issue.

h.　　To the extent that a check issued to a Settlement Class Member is not cashed within one hundred twenty (120) days after the date of issuance or an electronic deposit is unable to be processed within one hundred twenty (120) days of the first attempt, such funds shall be distributed to Prairie State Legal Services as a *cy pres* or, if not acceptable to the Court, to a cy *pres* selected by the court.

2.2　**Non-Monetary Relief**.

Defendant represents, and Plaintiffs and their counsel agree, that Defendant now maintains BIPA-compliant consents and policies applicable to users of their timeclocks and/or require their customers to do so, and that Defendant is in all respects compliant with BIPA.

3　**CLASS-WIDE RELEASE**

3.1　**The Release.** Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims. Settlement Class Members are not releasing or waiving claims against Defendant's resellers, including Paycom and against Defendant's customers.

4　**NOTICE TO THE CLASS**

4.1　The Notice shall include:

a.　*Class List.* Class Counsel shall communicate with Defendant's customers, copying Defendant's Counsel on any written or electronic communications, to try to

12

provide the Settlement Administrator with a list of the following information (to the extent available): names, last known cell phone numbers, last known email addresses, and last known U.S. Mail addresses of all persons in the Settlement Class (the "Class List") by no later than fourteen (14) days after the entry of Preliminary Approval Order by the Court. The Settlement Administrator shall keep the Class List and all personal information obtained therefrom including, without limitation, the identity, mailing addresses, and, as applicable, social security numbers of Class Members, strictly confidential. The Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual Settlement Class members of their rights, mailing Settlement Payments, sharing the Class List with the Parties' counsel, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement. To the extent Class Counsel knows or learns the identity of individuals on the Class List, Class Counsel and their colleagues, employees, representatives and other individuals working on their behalf shall not use that information for any purpose other than finalizing the Settlement.

b.      The Notice shall include the best notice practicable under the circumstances, including but not limited to:

i.      *Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the U.S. mail addresses of persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class members for whom Notice is returned by the U.S.

Postal Service as undeliverable and shall attempt re-mailings as described below in Section 5.1.

ii. *Direct Notice.* No later than thirty (30) days after the entry of the Preliminary Approval, the Settlement Administrator shall send Notice mail in substantially the form of <u>Exhibit A</u> to all persons in the Settlement Class on the Class List no later than the Notice Date. On a date halfway through the claims period, the Settlement Administrator may send a text message reminder to each person who has not yet submitted a claim for payment reminding them to do so.

iii. *Internet Notice.* Within fourteen (14) days after the entry of the Preliminary Approval Order, the Settlement Administrator will cause the creation of a settlement web site containing the notice substantially in the form of <u>Exhibit B</u>.

4.2 The Notice shall advise the Settlement Class of their rights under the Settlement, including the right to be excluded from or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection shall file notice of the person's intention to do so and at the same time (a) files copies of such papers the person proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, who must also file an

14

appearance, and (c) sends copies of such papers via e-mail, U.S. mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3     **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement shall present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that the objector is a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action in any other action or proceeding.

4.4     **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be

valid, any request for exclusion must (a) be in writing; (b) identify the case name; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in Franchini v. Accu-Time Systems, No. 21-cv-5075 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if this Settlement Agreement is approved by the Court. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order (as that term is defined in Section 9.1(d)). No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

5  **SETTLEMENT ADMINISTRATION**

    5.1      **Settlement Administrator's Duties**.

          a.      ***Dissemination of Notices***. The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

          b.      ***Undeliverable Notice via U.S. Mail***. If any Notice sent via U.S. mail is returned as undeliverable, the Settlement Administrator shall forward it to any forwarding

addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall perform skip traces to attempt to obtain the most recent addresses for such Settlement Class members.

      c.     ***Maintenance of Records***. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide regular reports to Class Counsel and Defendant's Counsel with information concerning the Notice, the number of Claim Forms submitted, the number of Approved Claims, any requests for exclusion, and the administration and implementation of the Settlement. The Settlement Administrator shall make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice and shall, at the conclusion of the Claims Deadline, provide Class Counsel and Defendant's Counsel with a list containing the names and contact information of all persons who submitted Approved Claims. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a post-distribution accounting of all amounts from the Net Fund paid to Settlement Class Members, the number and value of checks not cashed, the number and value of electronic payments unprocessed, and the amount distributed to any *cy pres* recipients.

d. **_Receipt of Requests for Exclusion_**. The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within five (5) business days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

e. **_Creation of Settlement Website_**. The Settlement Administrator shall create the Settlement Website where Settlement Class Members can access settlement documents and submit electronic claim forms. The Settlement Website shall include a toll-free phone number and mailing address through which persons in the Settlement Class may contact the Settlement Administrator or Class Counsel directly. The Settlement Administrator will deactivate the website within thirty (30) days following the completion of all of its responsibilities under this Settlement Agreement.

f. **_Processing Claim Forms_**. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (1) comply with the instructions on the Claim Form or the terms of this Agreement, or (2) provide full and

18

complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline, but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

g. ***Establishment of the Escrow Account***. The Settlement Administrator shall establish the Escrow Fund, pursuant to the terms of Section 1.13, and maintain the Escrow Account throughout the implementation of the Class Settlement in accordance with the Court's Preliminary Approval Order and Final Approval Order.

h. ***Timing of Settlement Payments***. The Settlement Administrator shall make Settlement Payments contemplated in Section 2 of this Settlement Agreement to all Settlement Class Members who have submitted Approved Claims and who, if necessary, have completed required tax forms, within twenty-eight (28) days after the Effective Date.

i. ***Tax Reporting***. The Settlement Administrator shall be responsible for all tax filings related to Settlement Payments and the Escrow Account, including statutory damages/non-wage income reported on IRS Form 1099, if required, requesting Form W-9's from Settlement Class Members and performing back-up withholding as necessary, and making any required "information returns" as that term is used in 26 U.S.C. § 1 *et seq.* Neither Class Counsel, Defendant's Counsel nor Defendant make any representations

19

regarding the tax treatment of the Net Fund nor will Defendant's Counsel, Defendant or any of the other Released Parties accept any responsibility for the tax treatment to the Settlement Payments received by any Settlement Class Member or the Escrow Account established and maintained by the Settlement Administrator.

## 6 PRELIMINARY APPROVAL AND FINAL APPROVAL

**6.1** **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

a. Appoint Plaintiffs as Class Representatives of the Settlement Class for settlement purposes only;

b. Appoint Class Counsel to represent the Settlement Class;

c. Certify the Settlement Class under Federal Rule of Civil Procedure 23, for settlement purposes only;

d. Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

e. Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

f. Schedule a Final Approval Hearing to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider the application for a Fee Award and service awards to the Class Representatives, and to consider whether the Court shall enter a Final Approval Order approving this Settlement Agreement and dismissing the Action with prejudice.

**6.2** **Final Approval**.  After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Approval Order, which shall include, among other provisions, a request that the Court:

a.  find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b.  approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

c.  direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

d.  declare the Settlement to be binding on, and have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties;

e.  find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

f.      find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

g.      dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

h.      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

i.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Settlement Class Members;

j.      without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

k.      incorporate other provisions, consistent with the material terms of this Settlement Agreement, as the Court deems necessary and just.

**6.3**      Defendant shall not object to certification of the matter for settlement purposes only, but reserves its rights to contest the propriety of certification of a class for any other purpose should the Court deny either preliminary or final approval of the Settlement.

7    **TERMINATION OF THE SETTLEMENT AGREEMENT & CONFIRMATORY DISCOVERY**

      7.1    **Termination.**  Subject to Section 9 below, the Class Representatives, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to Class Counsel or Defendant's Counsel within ten (10) days of any of the following events: (i) the Court's refusal to enter the Preliminary Approval Order approving of this Agreement in any material respect; (ii) the Court's refusal to enter the Final Approval Order in this Action in any material respect; (iii) the Court's refusal to enter a final judgment in this Action in any material respect; (iv) the date upon which the Final Approval Order is modified or reversed in any material respect by the Seventh Circuit Court of Appeals or the United States Supreme Court; or (v) the date upon which an Alternative Approval Order is entered, as defined in Section 9.1 of this Agreement, is modified or reversed in any material respect by the Seventh Circuit Court of Appeals or the United States Supreme Court.  In the event this Agreement is terminated, all funds deposited by Defendant into the Escrow Account to establish the Gross Fund plus interest shall be returned to Defendant, less any Settlement Administration Expenses. In the event that the Court does not grant preliminary approval to the Settlement Agreement, final approval to the Settlement Agreement, and/or does not enter a final judgment in the Action, the Parties: (a) must attempt to renegotiate the Settlement Agreement for the purpose of obtaining Court approval of a renegotiated Settlement Agreement; and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement Agreement. In the event reconsideration and/or appellate review is denied or a mutually agreed-upon Settlement modification is not approved and the Parties decide to forego further negotiations, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been

negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action.

## 8 SERVICE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

8.1 Defendant acknowledges that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award from the Gross Fund. The amount of the Fee Award shall be determined by the Court based on a petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to 35% of the Gross Fund, plus their reasonable costs. Payment of the Fee Award shall be made from the Gross Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Net Fund and be distributed to Settlement Class Members as Settlement Payments. The Fee Award shall be payable within five (5) business days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to an account designated by Workplace Law Partners PC after providing necessary information for electronic transfer and relevant tax information.

8.2 Defendant agrees that the Class Representatives shall each be paid a service award in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) each from the Gross Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement and in recognition of their efforts on behalf of the Settlement Class, subject to Court approval. Should the Court award less than this amount for one or more Class Representatives, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Gross Fund and be distributed to Settlement Class Members as Settlement Payments. Any service award shall be paid from the Gross Fund (in the form of a check to the Class Representatives

24

8.3      that is sent care of Class Counsel), within five (5) business days after the Effective

Date.

## 9   CONDITIONS OF SETTLEMENT, EFFECT OF DISPROVAL, CANCELLATION OR TERMINATION

9.1      The Effective Date shall not occur unless and until each and every one of the

following events occurs, and shall be the date upon which the last (in time) of the following events

occurs subject to the provisions in Section 1.12.

a.      This Agreement has been signed.

b.      The Court has entered a Preliminary Approval Order approving the

Agreement.

c.      The Court has entered a Final Approval Order finally approving the

Agreement, or an order substantially consistent with this Settlement Agreement that has

become final and non-appealable, following Notice to the Settlement Class and a Final

Approval Hearing as provided in the Federal Rules of Civil Procedure; and

d.      In the event that the Court enters an approval order and final judgment in a

form other than that provided above ("Alternative Approval Order") to which the Parties

have consented, that Alternative Approval Order has become final and non-appealable.

9.2      If some or all of the conditions specified in Section 9.1 are not met, or in the event

that this Agreement is not approved by the Court, or the Settlement set forth in this Agreement is

terminated or fails to become effective in accordance with its terms, then this Agreement shall be

canceled and terminated subject to the requirements and provisions of Sections 7.1 and 9.3, unless

Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement

Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it

is in substantial compliance with the terms of this Agreement, may terminate this Settlement

Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Settlement Agreement from becoming effective, nor shall they be grounds for termination of the Agreement: (1) the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the service awards to the Class Representatives, regardless of the amounts awarded, or (2) the Court's determination that it lacks jurisdiction over the claims or persons such that the Parties will seek to obtain approval of their Settlement Agreement in an appropriate forum.

9.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into. Consistent with Section 7.1, if the Settlement Agreement fails because the Court does not grant preliminary approval to the Settlement Agreement, final approval to the Settlement Agreement, and/or does not enter a final judgment in the Action, the Parties shall attempt to renegotiate and/or seek reconsideration or appellate review. Should the Court determine it lacks jurisdiction over any part of the Action, including any claim, cause of action, or persons, the Parties agree to seek the approval of this Settlement Agreement, on the same terms, before an appropriate state court.

## 10  MISCELLANEOUS PROVISIONS

10.1     The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and

to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2    Each signatory to this Agreement represents and warrants (a) that the signatory has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.4    The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5    Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement terms and language contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Gross Fund, Settlement Payment or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.    is, may be deemed, or shall be used, offered or received against Defendant and the other Released Parties as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.    is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or

administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

   e.  is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

   f.  is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9    This Settlement Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12   Each counsel or other Person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.13  This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requires.

10.14  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.15  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.16  This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.17  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

[SIGNATURES APPEAR ON FOLLOWING PAGE]

DATED: 08/21/2025 09:38PM UTC   *Edna Franchini*
_____
Edna Franchini, Class Representative

DATED: 08/21/2025 10:46PM UTC   *Valarie Seals*
_____
Valerie Seals, Class Representative

DATED: 08/22/2025 12:16PM UTC   *David Fish*
_____
David Fish, Counsel for Settlement Class Representatives


Accu-Time Systems, Inc.


DATED: _____   By: _____


Its: _____

DATED: _____     _____
                             Edna Franchini, Class Representative

DATED: _____     _____
                             Valerie Seals, Class Representative

DATED: _____     _____
                             David Fish, Counsel for Settlement Class Representatives


                             Accu-Time Systems, Inc.

DATED: 8|26|2025      By: _____

                      Its: President + CEO _____

**<u>EXHIBIT A</u>**

| | | |
|---|---|---|
| COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT | *Franchini v. Accu-Time Systems, Inc.,* c/o Settlement Administrator P.O. Box 0000 City, ST 00000-0000 | First-Class Mail US Postage Paid Permit # |

**OUR RECORDS INDICATE YOU MAY HAVE USED AN ACCU-TIME BIOMETRIC TIMECLOCK IN ILLINOIS BETWEEN AUGUST 29, 2016 AND _____, 202__ AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

||||||||||||||||||||
 Postal Service: Please do not mark barcode

XXX----<<ClaimID>>  <<MailRec>>
<<First>> <<Last>>
<<C/O>>
<<Addr 1>> <<Addr 2>>

---

TO GET YOUR MONEY, THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY **_____, 202__** AND MUST BE FULLY COMPLETED, SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo, PayPal, Zelle, or Direct Deposit (instead of a check), you must submit a Claim Form online on the Settlement Website at *www.accubipasettlement.com.* If you submit this paper Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to complete an IRS Form W-9 to satisfy tax reporting obligations. You may complete the Form W-9 now on the Settlement Website at *www.accubipasettlement.com*; doing so now will ensure that you receive your full payment as soon as possible.

Name (First, M.I., Last): _____  _____  _____

Street Address: _____

City: _____ State: _____  _____ Zip Code: ____ ____ ____ ____ ____

Email Address:  _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

**Settlement Class Member Verification**: By submitting this Claim Form, I declare that I am an individual who scanned my finger on a finger scanning device on an Accu-Time biometric timeclock located in Illinois between August 29, 2016 and _____.

Name of the company that you worked for from the list provided in the Notice:_____.

Signature: _____ Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for a *pro rata* share depending on the number of valid claim forms received. This process takes time, please be patient.

This notice is to inform you that a proposed settlement has been reached in a class action lawsuit against Accu-Time Systems, Inc. (Defendant) which our records show provided the biometric timeclock for a job that you worked at in Illinois. The lawsuit claims Defendant violated an Illinois law called the Biometric Information Privacy Act by collecting biometric-related data from people who used a finger scanning device without complying with the law's requirements. Defendant denies those allegations. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the Settlement Class. You can read the settlement class description, including the employers who were involved at www.accubipasettlement.com.

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you can file a claim to receive a cash payment. The payment amount is estimated to be approximately $100 to $500 but could be substantially more or less depending on the number of valid claims submitted. This amount is an equal share of a fund that Defendant agreed to create totaling $1,500,000 before any Court-approved payment of settlement expenses, attorneys' fees, and any incentive awards.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.accubipasettlement.com, and submit a Claim Form online. All Claim Forms must be postmarked or submitted online by _____, 202_

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Defendant or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also comment on or object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue Defendant on the issues the settlement concerns. You must contact the settlement administrator by mail or e-mail to exclude yourself from the settlement. All Requests for Exclusion and Objections must be received by _____.

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firm Workplace Law Partners, P.C. as "Class Counsel." They represent you and the other Settlement Class Members. The lawyers will request to be paid from the total amount that Defendant agreed to pay to the Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on _____, 202__, at ____.m. before the Honorable Judge Seeger in Room 2319 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees of up to 35% of the Settlement Fund and an incentive award of $7,500 to each Class Representative.

NO POSTAGE
NECESSARY ID
MAILED IN THE
UNITED STATES

_____

_____

_____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Franchini v. Accu-Time Systems, Inc.*, No. 21-cv-05075 (N.D. Ill.)

**IF YOU SCANNED YOUR FINGER AT A JOB LOCATION IN ILLINOIS YOU MAY BE ABLE TO CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

- A Settlement has been reached in a class action lawsuit against Accu-Time Systems, Inc. ("Defendant") brought by certain individuals who allegedly scanned their finger on a time clock at one of the following companies ("Defendant's Customers") in Illinois beginning on August 29, 2016. Our records show you may have worked at one of the following companies:

| |
|---|
| Aclara |
| Ansira Partners |
| Ardent Mills |
| Benchmark |
| Bob's Discount Furniture |
| Ecolab |
| Enova |
| Fellowes |
| Ferguson |
| Fresh Express |
| H&E Equipment (OneSource) |
| Hello Fresh |
| Ilitch (LCS/Blue Line/Little Caesars) |
| Montage |
| Patagonia |
| Ring Container |
| Scotts Miracle Grow |
| Societe General |
| TD Synnex |
| Van Pool |
| Victaulic |
| Waste Connections |
| World Fuel Services |
| XPEL |

36

- The lawsuit claims that Defendant violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric-related data when they used a finger-scanning device without complying with the law's requirements. Defendant denies those allegations. The Court has not decided who is right or wrong. The Settlement has been preliminarily approved by a federal court in Chicago, Illinois.

- You are potentially included in the Settlement if you scanned your finger at the one of the Defendant Customers in Illinois. If you received a notice of the Settlement in the mail or by e-mail, our records indicate that you are or may be a Settlement Class Member and are included in the Settlement, and you may submit a claim form online or by mail to receive a cash payment.

- If the Court approves the Settlement, members of the Class who submit valid claims will receive an equal, or *pro rata*, share of a $1,500,000.00 settlement fund that Defendant has agreed to establish, after all notice and administration costs, incentive awards, and attorneys' fees have been paid. Individual payments to Settlement Class Members who submit a valid Claim Form are estimated to be $100 to $500 but could be more or less depending on the number of valid claims submitted.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You must submit a complete and valid claim form either online or by mail before **_____, 202__** |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Defendant and certain related companies and individuals about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Defendant about issues in this case. |
| **OBJECT** | Write to the court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

These Rights and options **– and the deadlines to exercise them –** are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

The Court authorized this notice to let you know about a proposed Settlement. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Seeger of the United States District Court for the Northern District of Illinois is overseeing this class action. The Case is called *Franchini v. Accu-Time Systems, Inc.*, No. 21-cv-05075 (N.D. Ill.)

### 2. What is a class action lawsuit?

A class action is a lawsuit in which individuals called "Class Representatives" bring a single lawsuit on behalf of other people who have similar legal claims. All of these people together are a "Class" or "Class Members." Once the Class is certified, a class action Settlement finally approved by the Court

resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

**3.   What is this lawsuit about?**

The Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., prohibits private companies from capturing, obtaining, storing, and/or using the biometric identifiers and/or biometric information of another individual for any purpose, without first providing notice and getting consent in writing. Biometrics are things like your fingerprint, faceprint, or a scan of your iris. This lawsuit alleges that Defendant violated BIPA by allegedly collecting biometric-related data from individuals who scanned their fingers for identification, without giving notice or getting consent. Defendant denies these allegations and denies that they violated BIPA.

More information about Plaintiffs' complaint in the lawsuit and Defendant's defenses can be found in the "Court Documents" section of the settlement website *www.accubipasettlement.com*.

**4.   Who is included in the Settlement Class?**

You are a member of the Settlement Class if you scanned your finger on a finger scanning device in Illinois at one of the following companies during the time period August 29, 2016 to _____:

| |
|---|
| Aclara |
| Ansira Partners |
| Ardent Mills |
| Benchmark |
| Bob's Discount Furniture |
| Ecolab |
| Enova |
| Fellowes |
| Ferguson |
| Fresh Express |
| H&E Equipment (OneSource) |
| Hello Fresh |
| Ilitch (LCS/Blue Line/Little Caesars) |
| Montage |
| Patagonia |
| Ring Container |
| Scotts Miracle Grow |
| Societe General |
| TD Synnex |
| Van Pool |
| Victaulic |

| Waste Connections |
|---|
| World Fuel Services |
| XPEL |

If you meet this requirement, you may be a class member and may submit a claim [Claim Form link] for a cash payment. If you received a notice of the Settlement via email or in the mail, our records indicate that you are or may be a class member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or [email address] to ask whether you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

### 5. What does the Settlement Provide?

**Cash Payments**. If you are eligible, you can file a claim to receive a cash payment. The amount of such payment is estimated to be around $100 to $500, but the exact amount is unknown at this time and could be more or less depending on the number of valid Claim Forms submitted. This is a *pro rata*, or equal, share of a fund that Defendant has agreed to create totaling $1,500,000, before the payment of settlement expenses, attorney's fees, and any incentive awards for the Class Representatives in the litigation approved by the Court.

## HOW TO GET SETTLEMENT BENEFITS

### 6. How do I get a payment?

If you are a Settlement Class member and you want to get a payment, you must complete and submit a valid Claim Form by _____, 202__. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website here [Claim Form Link] and can be filled out and submitted online. The online claim form lets you select to receive your payment by Venmo, Zelle, Paypal, ACH Direct Deposit, or paper check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. Those who submit a paper Claim Form will receive a paper check by mail, if the claim is approved.

Depending on the number of valid Claim Forms submitted, you may need to complete an IRS Form W-9 to satisfy IRS tax reporting obligations related to the payment. You may complete the [Form W-9 Link] now on the statement website; doing so now will ensure that you receive your full payment as soon as possible.

### 7. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for _____ 202_, at _____ p.m. If the Court approves the Settlement, Class Members whose claims were approved by the Settlement Administrator and, if necessary, who have completed a W-9 Form on the settlement website, will be issued a check or electronic payment after the Settlement has been finally approved by the Court and/or after any appeals process is complete. Please be patient. Uncashed checks

and electronic payments that are unable to be completed will expire and become void 150 days after they are issued and will be distributed to *cy pres* recipient Prairie State Legal Services, or another *cy pres* organization selected by the court.

## THE LAWYERS REPRESENTING YOU

### 8.   Do I have a lawyer in the case?

Yes, the Court has appointed lawyers David Fish and Mara Baltabols of Workplace Law Partners, P.C., as the attorneys to represent you and other Class Members. These attorneys are called the "Class Counsel." Class Counsel can be reached by calling (312) 861-1800.

### 9.   Should I get my own lawyer

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

### 10. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees of up to one-third of the Settlement Fund plus expenses and will also request an incentive award of $7,500 for each Class Representative from the Settlement Fund. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any awards to the Class Representatives. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

### 11. What happens if I do nothing at all?

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against Defendant or other Released Parties regarding any of the Released Claims **Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the class or file an objection, please visit the settlement website, *www. .*, or call (XXX) XXX-XXXX.

### 12. What happens if I ask to be excluded?

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties (at that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense.

### 13. How do I ask to be excluded?

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must (a) be in writing, (b) identify the case name, (c) state the full name and current address of the person in the Settlement Class seeking to be excluded, (d) be signed by the person seeking exclusion; and be postmarked or received (for emails) by the Settlement Administrator on or before _____. Each request for exclusion must also contain a statement to the following effect: "I hereby request to be excluded from the proposed Settlement Class in *Franchini, et al. v. Accu-Time Systems, Inc., No. 21-cv-05075 (N.D. Ill.)*" You must mail or e-mail your exclusion request no later than [Objection/Exclusion Deadline] to:

P.O. Box 0000
City, St, 00000

-or-

[email address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

### 14. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant and any other Released Party for the claims being resolved by this Settlement.

### 15. If I exclude myself can I get anything from this Settlement?

No. If you exclude yourself, you will not receive a payment.

### 16. How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement. Your objection must be e-filed or delivered to the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

The objection must be in writing, must be signed and must include the following information: (a) your full name and current address, (b) a statement that you believe you are a member of the Settlement Class, (c) whether the objection applies to you, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for your objection, (e) all documents or writings that you wish the Court to consider, (f) the name and contact information of any attorneys representing,

advising or in any was assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether you intend to appear at the Final Approval Hearing. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection by the objection deadline of _____, 202__. If you hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court you must send via mail, email, or delivery service, by no later than _____, copies of your objection and any supporting documents to both Class Counsel and Defendants' Counsel at the addresses listed below:

| Class Counsel | Defendants' Counsel |
|---|---|
| David Fish<br>Mara Baltabols<br>Workplace Law Partners, P.C.<br>155 N Michigan Ave, Suite 719<br>Chicago IL 60610<br>(312) 861-1800<br>www.fishlawfirm.com<br>dfish@fishlawfirm.com<br>mara@fishlawfirm.com | Andrew M. Zeitlin<br>Shipman & Goodwin LLP<br>400 Atlantic Street<br>Stamford, CT 06901<br>(203) 324-8100<br>azeitlin@goodwin.com |

Class Counsel will file with the Court and post on the settlement website their request for attorneys' fees and incentive awards.

**17. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class as a Class Member. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on _____, 202_____. in Room _____ of the District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interest of Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount

requested by Class Counsel for attorneys' fees and expenses and the incentive awards to the Class Representatives.

**Note**: the date and time of the Final Approval Hearing are subject to change by Court Order. Check the docket to keep updated.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

## 20. May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection and intend to appear at the hearing, you must state your intention to do so in your objection.

## 21. Where do I get more information?

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at *www.accubipasettlement.com* or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures. You can also contact Class Counsel at (312) 861-1800 with any questions or check their Internet site at www.fishlawfirm.com

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, THE DEFENDANT OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**