**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDNA FRANCHINI and VALARIE SEALS, *individually and on behalf of all others similarly situated,* | | |
| Plaintiffs, | | Case No. 1:21-cv-5075 |
| v. | | Hon. Steven C. Seeger |
| ACCU-TIME SYSTEMS, INC., | | |
| Defendant. | | |

**ORDER GRANTING PRELIMINARY APPROVAL**
**OF THE PROPOSED CLASS ACTION SETTLEMENT**

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement of the case captioned *Franchini, et al. v. Accu-Time Systems, Inc.*, in the United States District Court for the Northern District of Illinois, Case No. 1:21-cv-05075 (the "Action"). The Court, having considered the Parties' Stipulation of Class Action Settlement (the "Agreement"), Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement, and the arguments of counsel, hereby finds and orders as follows:

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.     <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.     <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Complaint filed in the Circuit Court of Cook County, Illinois on August 19, 2021, and removed to the United States District Court for the Northern District of Illinois on September 24, 2021 (*see*

1

ECF No. 1), and (ii) certain other claims, whether potential or actual, that were brought by, or may be brought by Releasing Parties against the Released Parties.

4. <u>Preliminary Approval of Agreement and Proposed Settlement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the terms of the Agreement are fair, reasonable, and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the form of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration, the notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement and Agreement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court finds that the Settlement Class meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and (b)(3) and certifies, for purposes of this Settlement only, the following Settlement Class:

All individuals who used the alleged biometric collection technology described in the Complaint filed in this Action at one of the following businesses (hereinafter "Defendant's Customers") in Illinois during the Class Period:

| |
|---|
| Aclara |
| Ansira Partners |
| Ardent Mills |
| Benchmark |
| Bob's Discount Furniture |
| Ecolab |
| Enova |
| Fellowes |
| Ferguson |
| Fresh Express |
| H&E Equipment (OneSource) |
| Hello Fresh |
| Ilitch (LCS/Blue Line/Little Caesars) |

| Montage |
|---|
| Patagonia |
| Ring Container |
| Scotts Miracle Grow |
| Societe General |
| TD Synnex |
| Van Pool |
| Victaulic |
| Waste Connections |
| World Fuel Services |
| XPEL |

Defendant retains all rights to object to the propriety of class certification in this Action in all other contexts and for all other purposes should the Settlement not be finally approved. If the Settlement is not finally approved and this Action resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect.

6.      Class Representatives. The Court appoints Plaintiffs, Edna Franchini and Valarie Seals, to act as the representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      Class Counsel. The Court appoints Workplace Law Partners, P.C. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.      Final Approval Hearing. On **April 1, 2026, at 9:00 a.m.,** in Courtroom 2319 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or by other remote means, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses and enhancement award to Plaintiffs, should be granted, and in what amount.

9. _Fee Petition_. No less than 14 days before the Objection/Exclusion deadline, Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses and the enhancement award to the Plaintiffs.

10. _Motion for Final Approval Hearing and Response to Objections_. No less than 7 days before the Final Approval Hearing, all papers in support of final approval of the Settlement Agreement and responses to any written objections must be filed.

11. _Settlement Claims Administrator_. The Court appoints Analytics Consulting, LLC ("Analytics") as the Settlement Administrator. Analytics shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order, including complying with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and keeping the Class List and all personal information obtained therefrom strictly confidential.

12. _Class Notice_. The Court approves the proposed plan for giving notice to the Settlement Class directly as described in Plaintiffs' Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutes the best notice practicable under the circumstances. Class Counsel and Defendant's Customers shall provide the Class List to the Settlement Administrator no later than 30 days from the date of this Order an agreed adjustment from the date in the Agreement. The Court directs the Settlement Administrator to provide Class Notice and the Claim Form to the Settlement Class in accordance with the Agreement no later than 28 days after the Class List deadline (the "Notice Deadline").

13. _Objection/Exclusion Deadline_. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so no later than forty-five (45) calendar days after the date that Notice is disseminated to the Settlement Class.

4

Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

14. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Objection/Exclusion Deadline. Exclusion requests must (a) be in writing; (b) identify the case name *Franchini, et al. v. Accu-Time Systems, Inc.*, No. 1:21-cv-05075 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Franchini, et al. v. Accu-Time Systems, Inc.*, No. 1:21-cv-05075 (N.D. Ill.). No request for exclusion will be valid unless all of the foregoing information is included.

15. The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within five (5) business days of the Objection/Exclusion Deadline.

16. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or

continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

19.    <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must file a letter or brief with the Court, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that the objector is a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). The Court will not consider an objection unless the objection includes all of the foregoing information.

20.    Any Settlement Class Member who fails to timely file a written objection and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of the Agreement and as detailed in the Notice, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action in any other action or proceeding.

21.   <u>Claims Deadline.</u>   The deadline to file a Claim Form to participate in the Settlement is 120 days following the date that the Notice is sent by the Settlement Administrator.

22.   <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement and Agreement should be approved, all pre-trial proceedings and briefing schedules, apart from class discovery, in the Action will remain stayed.

23.   <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

24.   To summarize the, the relevant dates are as follows:

Class List Sent to Administrator (30 days from Preliminary Approval): October 15, 2025

Notice to be completed by (28 days from Class List Date): November 12, 2025

Objection and Exclusion Deadline (45 days from Notice Date): December 29, 2025

Claim Form Deadline (120 days from Notice Date): March 12, 2026

Fee and Expense Motion (14 days before Objection/Exclusion Deadline): December 15, 2026

Final Approval Submissions (7 days before Final Approval Hearing): March 25, 2026

Final Approval Hearing: April 1, 2026, at 9:00 a.m. in Room 2319 or by other remote means ordered by the Court.

SO ORDERED.

Date:    September 15, 2025

_____
Steven C. Seeger
United States District Judge